**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| OSCAR C. DANTZLER, | |
| Plaintiff, | Case No. 24-cv-1322 (JMC) |
| v. | |
| CHARLOTTE H. FOSTER, *Individually and in her Capacity as Judge for Division (B) through the 21st Judicial District Court for the Parish of Livingston and their agents*, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

Pro se Plaintiff Oscar C. Dantzler, a resident of Louisiana, has sued several Louisiana state court judges, a state court clerk, and the Mayor and Chief of Police of Hammond, Louisiana. Dantzler alleges that the judges and clerk illegally conspired to dismiss his lawsuits in Louisiana state court. *See* ECF 1. His claims against the local officials regard their alleged failure to investigate and prosecute his criminal complaint against another Louisiana resident. *See* ECF 3. For the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss, ECF 9, and **DENIES** Plaintiff's motion to transfer venue, ECF 7.[1]

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Court draws the facts from the Plaintiff's complaint, ECF 1, as supplemented by his other filings, including his request to amend the complaint to add additional Defendants, *see*

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

ECF 3; *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) ("We . . . consider a *pro se* litigant's complaint in light of all filings, including filings responsive to a motion to dismiss."). The Court understands his claims to be as follows: First, he sues Judges Charlotte Foster and William Dykes of the 21st Judicial District Court of Louisiana, along with Gary Stanga, the Clerk of Court of the Parish of Tangipahoa, for participating in a conspiracy to have his cases pending in that district improperly dismissed, including by working together with opposing counsel to "overlook" his complaints and fail to send him court mail. *See, e.g.*, ECF 1 at 4, 6, 9; ECF 3 at 2–3, 13. Throughout his confusing and prolix complaint, he purports to assert various constitutional, statutory, and state law claims, and seeks damages and a request for mandamus regarding the Louisiana court proceedings. Second, he sues Edwin Bergeron and Peter Panepinto, the Chief of Police and Mayor, respectively, of Hammond, Louisiana. He alleges that Bergeron and Panepinto have failed to investigate his criminal complaints for identity theft against one Ashley Bass. *See* ECF 3 at 22–23, 40–42. Here too, he alleges violation of his constitutional and civil rights, and again requests mandamus relief, seemingly to compel prosecution of Bass.

Dantzler initially filed the suit against only Judges Foster and Dykes, ECF 1, but later amended to include Stanga, Bergeron, and Panepinto, ECF 3 at 1, 21, 39. After Dantzler failed to provide evidence that he served Defendants, the Court ordered him to show cause why the case should not be dismissed for failure to serve and to prosecute. ECF 5. In response, Dantzler moved to transfer the case to the Middle District of Louisiana, in the "interest of justice" conceding that all defendants resided either in the Middle or Eastern Districts of Louisiana, "wherein all acts giving rise to this action arose." ECF 7 at 2. He also claimed to have successfully served Defendants Foster and Dykes, *id.* at 2, who subsequently appeared. They moved to dismiss on various grounds, including for lack of subject-matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), defective service under Rule 12(b)(5), and failure to state a claim under Rule 12(b)(6). ECF 9. The Court then ordered Dantzler to respond to Defendants' motion to dismiss. He instead filed a document reiterating his desire to transfer the case. ECF 12.

## II.    LEGAL STANDARDS

Defendants move to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is generally "presumed that a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim. Fed. R. Civ. P. 12(h)(3). While pleadings by pro se litigants are generally held to less stringent standards than formal pleadings drafted by lawyers, a pro se plaintiff still bears the burden of establishing jurisdiction. *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint must again "be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even a pro se plaintiff "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011).

Finally, to "prevail on a motion to dismiss for improper venue[] under Rule 12(b)(3)[,] . . . the defendant must present facts that will defeat the plaintiff's assertion of venue." *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013). "Nevertheless, the burden remains on the plaintiff to establish that venue is proper." *Id.*

### III.    ANALYSIS

The Court first addresses the claims against Foster and Dykes, the only Defendants who have appeared in the action. Despite being put on notice that he was obliged to respond to Defendants' motion to dismiss lest their arguments be deemed conceded, ECF 10, Dantzler opted instead to reiterate his request to transfer venue, ECF 12. Because Dantzler has failed to oppose Defendants' motion, the Court will "treat the motion as conceded" under Local Civil Rule 7(b). *Washington v. United States*, 248 F. Supp. 3d 185, 185 (D.D.C. 2017) (treating pro se litigant's failure to oppose motion as concession under LCvR 7(b) despite being advised in *Fox* order of this potential consequence). Dantzler has also separately effectively conceded that venue is improper in this district. *See* ECF 7; ECF 12.[2]

The Court will nevertheless address several of the moving Defendants' grounds for dismissal, because those grounds also demonstrate why the Court will deny Dantzler's motion to transfer the case to the Middle District of Louisiana in "the interest of justice." *See* ECF 7 (citing 28 U.S.C. 1406(a)). Denial of such a request is proper when there are "substantive problems" with the plaintiff's asserted claims, including that they could not "properly be heard in any federal court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

Indeed, "substantive problems" abound. *Naartex Consulting Corp.*, 722 F.2d at 789. As Defendants argue, the Court lacks subject-matter jurisdiction over many of Dantzler's claims, which in large part amount to a request to review the decisions of state courts in Louisiana. To the

---

[2] Venue would be only proper in the District of Columbia under the general venue statute if all the Defendants resided here, if a "substantial part of the events or omissions giving rise to the claim[s] occurred" here, or, if no other district was appropriate, if "any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). None of these criteria are met here. Dantzler admits that "all defendants . . . reside in Louisiana," and that "all acts giving rise to this action arose" there. ECF 7 at 2. He makes no effort to claim that any Defendant is subject to this Court's personal jurisdiction. And in his motion to transfer to the Middle District of Louisiana, he also acknowledges that "this court does not have proper jurisdiction to hear this matter," which the court construes liberally as addressing the venue issue (rather than other substantive issues of jurisdiction). *Id.*

extent that Dantzler attacks a final decision of Foster or Dykes, federal district courts may not hear "cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). That includes when the plaintiff claims "that the state judgment itself violates the [plaintiff's] federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). To the extent that he asks this Court to intervene in the state proceedings through the use of writs of mandamus, he appears to premise jurisdiction on 28 U.S.C. § 1361, which provides federal district courts jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See* ECF 1 at 1 (petitioning for a "writ of mandamus for injunction [sic] rel[ief]"); *id.* at 11. But federal courts—including a prior court in this district denying Dantzler's other cases against Louisiana judges—interpret section 1361 "to apply to employees of the *federal* executive branch," and cannot provide jurisdiction for relief against Louisiana state officials. *Dantzler v. Jorden*, No. 24-cv-986, 2024 WL 4836403, at *2 (D.D.C. Nov. 20, 2024), *appeal dismissed*, No. 24-7192, 2025 WL 1678129 (D.C. Cir. Mar. 13, 2025); *United States v. Choi*, 818 F. Supp. 2d 79, 84 (D.D.C. 2011). And were there not jurisdictional problems with Dantzler's claims, a federal Court has strong prudential reasons to abstain from "interfer[ing] with pending state judicial . . . proceedings." *Akbarieh v. Kissler*, No. 25-cv-2196, 2026 WL 663220, at *3 (D.D.C. Mar. 9, 2026) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

To the extent that Dantzler seeks damages against Foster and Dykes, those allegations fail on the merits because they are barred by judicial immunity, which shields judges from claims for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction," and therefore fail to state a claim under Rule

5

12(b)(6). *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *Smith v. Scalia*, 44 F. Supp. 3d 28, 40 n.10 (D.D.C. 2014) (finding that absolute judicial immunity is properly considered under Rule 12(b)(6)), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015); *Chambers v. Dep't of Just.*, No. 24-cv-898, 2025 WL 740847, at *4 (D.D.C. Mar. 7, 2025) (same). Again, Dantzler has failed to respond to these arguments, let alone allege facts in his materials showing that judicial immunity does not apply.

Stanga, Bergeron, and Panepinto have not appeared nor moved to dismiss, but the Court will dismiss the claims against them as well. First, review of Dantzler's amended complaint indicates that the scope of the claims he brings against these three are more limited than those he brings against Foster and Dykes, with the primary focus being a request for mandamus. But again, the Court lacks the jurisdiction to entertain a request for mandamus against these non-federal officials. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). To the extent that Dantzler brings additional claims against Stanga, Bergeron, and Panepinto, he has failed to present any evidence that he has served these Defendants, despite being ordered to show such evidence and having been told that his failure to serve would result in dismissal of his claims against them. *See* ECF 5. The Court thus also dismisses any further pending claims against these three Defendants without prejudice for failure to serve. Fed. R. Civ. P. 4(c), (m); *Garlington v. D.C. Water & Sewer Auth.*, 303 F.R.D. 417, 418–19 (D.D.C 2014) (dismissing under similar circumstances); *see also Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order.").

Finally, the Court also denies Dantzler's request to transfer the claims against Stanga, Bergeron, and Panepinto to the Middle District of Louisiana, given the "substantive problems" with his claims. *Naartex Consulting Corp.*, 722 F.2d at 789. In addition to the lack of subject matter jurisdiction, his claims against Stanga are likely barred for reasons of judicial immunity. *See Sindram*, 986 F.2d at 1460 (also extending immunity from damage suits to "clerks," for the "performance of tasks that are an integral part of the judicial process"). His claims against Bergeron and Panepinto regarding his requests to investigate his allegations of identity theft, and any damages claims against them present obvious problems of standing and qualified immunity. *See Dantzler v. Our Lady of the Lake Hosp., Inc.,* No. 24-cv-514, 2024 WL 5379295, at *10, *12 (M.D. La. Dec. 3, 2024) (rejecting Dantzler's similar claims for these reasons), *report and recommendation adopted*, 2025 WL 395480 (M.D. La. Feb. 4, 2025).

*    *    *

For the foregoing reasons, Defendants' motion to dismiss, ECF 9, is **GRANTED**, and Plaintiff's motion to transfer venue, ECF 7, is **DENIED**. The claims against all Defendants are **DISMISSED**. A separate order accompanies this memorandum opinion.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 27, 2026